THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JOSÉ CINTRÓN-ECHAUTEGUI,

    Defendant.

Crim. No. 07-00121-14 (ADC)

## OPINION AND ORDER

On May 13, 2021, the First Circuit Court of Appeals, upon a government's motion to remand, vacated this Court's denial of José Cintrón-Echautegui's (defendant) motion for relief under the First Steps Act.[1] **ECF Nos. 2952**, **2906**. The Appellate Court ordered reconsideration of defendant's motion consistent with *U.S. v. Smith*, 954 F.3d 446 (1st Cir. 2020), and *U.S. v. Concepción*, 991 F.3d 279 (1st Cir. 2021). Upon reconsideration, the Court **DENIES** defendant's request. **ECF No. 2839**.

A Grand Jury indicted defendant and 41 other individuals for trafficking in drugs, including at least 50 grams of cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 860. **ECF No. 1**. After five days of trial, defendant entered a straight guilty plea for conspiring to possess with intent to distribute crack cocaine. **ECF No. 1996** at 2, 4.

---

[1] Petitioner's motion was denied in May 9, 2020, prior to the decision in *Concepción*, 991 F.3d 279 (1st Cir. 2021).

Case 3:07-cr-00121-ADC-JA   Document 2955   Filed 07/22/21   Page 2 of 5

**Crim. No. 07-121-14 (ADC)**                                                                                          Page 2

At the sentencing hearing, the Court noted 21 U.S.C. § 841(b)(1)'s 10-year mandatory minimum was triggered by defendant's acceptance of responsibility for the possession with intent to distribute of 50 grams or more of crack cocaine. The Court then walked through section 2D1.1 of the U.S. Sentencing Guidelines (USSG). **ECF No. 2003** at 18. Defendant's base offense level under the USSG tuned on the amount of crack cocaine at issue. After discussing several means of calculating the quantity based on the ample trial evidence, the Court attributed responsibility for at least 4.5 kilograms of crack cocaine to defendant. This resulted in a base offense level of 38. *See* U.S.S.G. § 2D1.1(c)(1) (2007); **ECF No. 2003** at 10-13, 20.

The Court found "ample evidence of the violence" involved in the drug-trafficking conspiracy, noting that the organization engaged in "frequent fights or battles and shootouts among" competing gangs. **ECF No. 2003** at 14, 22. As a result, it "was clearly foreseeable by all Defendants that … weapons were possessed as part of the conspiracy." *Id.* at 14. This supported a 2-level increase to the base offense.[2] The Court recognized that the conspiracy operated in a public housing project and in very close proximity to a school (protected location), warranting another 2-level increase. *Id.* at 20. The Court described the gang's notorious violence as continuously placing the community and innocent bystanders at risk. *Id.* at 23-24. The Court found sufficient trial evidence demonstrating defendant's knowledge and active participation in the conspiracy and knowledge that his conduct assisted "the organization [in] achieving its

---

[2] The presentence report indicated that the organization had an AK-47 rifle (called the "ill-born"), a mini 14, a .380, and a 45 (caliber) pistols, which would be used to defend themselves. (**ECF No. 2162-1**) at 13 par. 26.

Case 3:07-cr-00121-ADC-JA   Document 2955   Filed 07/22/21   Page 3 of 5

Crim. No. 07-121-14 (ADC)                                                                                   Page 3

goals." *Id*. The Court evaluated the section 3553 factors, expressing the need to impose a sentence that would "achieve purposes of deterrence [and] punishment" for this "very serious" conduct, while also "afford[] the Defendant time to rehabilitate and benefit from having structured guidance." *Id*. at 21-23. The Court subtracted 2-levels given defendant's acceptance of responsibility.[3]

Defendant's total adjusted offense level ("AOL")was 40. *Id.* at 20-24. Based on an AOL of 40 and a CHC of I; the guideline range of imprisonment was from 292 months (approximately 24.3 years) to 365 months (approximately 30.4 years). The Court imposed the lower end of this range, 292 months. The Court also recommended defendant be afforded counseling and educational opportunities in prison and that he be allowed to work and participate in a drug rehabilitation program while incarcerated. **ECF No. 1513** at 2.

On June 3, 2019, defendant filed a pro se Motion for Reduction in Sentence Pursuant to the First Step Act of 2018. **ECF No. 2839**. The Act made retroactive, under certain conditions, the sentencing amendments enacted by the Fair Sentencing Act of 2010. *See* Pub. L. No. 115-391, 132 Stat. 5194. As it relates to this case, the Fair Sentencing Act increased the amount of crack cocaine needed under 21 U.S.C. § 841 to trigger either a 5 or 10-year mandatory minimum sentence. Defendant's indictment alleged "in excess of" 50 grams of crack cocaine, at which time subjected him to a 10-year mandatory minimum. The Fair Sentencing Act raised the 10-year threshold to 280 grams or more of crack cocaine and raised the 5-year threshold to 28 grams or more. Pub. L.

---

[3] Defendant's plea was considered "untimely" since he pled guilty after the fifth day of trial. USSG § 3E1.1

Case 3:07-cr-00121-ADC-JA    Document 2955    Filed 07/22/21    Page 4 of 5

Crim. No. 07-121-14 (ADC)                                                                                              Page 4

No. 111-220, 124 Stat. 2372. The Act, however, retained a sentencing court's discretion to impose or withhold a reduced sentence. *U.S. v. Concepcion*, 991 F.3d 279, 284 (1st Cir. 2021).

According to defendant, the only quantity of crack cocaine that could be factored into sentencing is the indictment's allegation of 50 grams because that amount was found by a grand jury. He relies on *Alleyne v. U.S.*, 570 U.S. 99, 103 (2013), and *Apprendi v. N.J.*, 530 U.S. 466 (2000), to support the argument that his sentence required a grand or petit jury find the drug quantity. Defendant characterizes the Court's USSG finding of 4.5 kilograms as an impermissible, judicial factfinding that enhanced the legally prescribed punishment. **ECF No. 2839** at 6-7. *See U.S. v. Ramírez-Negrón*, 751 F.3d 42, 50 (1st Cir. 2014). As a result, he claims the First Step Act entitles him to resentencing to a term of no more than the statute's 5-year mandatory minimum and, that upon crediting the time he has already served, defendant demands his immediate release.

The gateway to relief under the First Step Act requires determining whether a defendant was convicted of a "covered offense" under the Act. *See U.S. v. Smith*, 954 F.3d 446, 449-50 (1st Cir. 2020). A violation of 21 U.S.C. § 841(a) involving crack cocaine is a "covered offense" for First Step purposes. *See id.* at 450. Next, a court must answer "whether a defendant should be resentenced," i.e., whether it "is appropriate under the circumstances of the particular case." *Concepcion*, 991 F.3d at 289.

Here, although 21 U.S.C. § 841(b) identifies mandatory minimum sentences based on drug quantity, defendant received a 292-month (24.3 year) sentence based on sentencing guidelines calculations. That sentence imposed remains squarely within the floor-to-ceiling

Case 3:07-cr-00121-ADC-JA   Document 2955   Filed 07/22/21   Page 5 of 5

**Crim. No. 07-121-14 (ADC)** **Page 5**

ranges prescribed under both the pre- and post-Fair Sentencing Act provisions applicable to cases involving the possession of at least 50 grams of crack cocaine. Via the Fair Sentencing Act, 50 grams of crack cocaine subjects defendant to a statutory 5-year minimum to 40-year maximum sentence. "[T]he existence *vel non* of sentencing factors that boost a defendant's sentence but do not trip a new statutory maximum remain grist for the district judge's mill under a preponderance-of-the-evidence standard," including factors such as "drug weight calculations." *U.S. v. Caba*, 241 F.3d 98, 101 (1st Cir. 2001) (collecting cases). The Court's determination and consideration of the 4.5 kilograms of crack cocaine to determine the guidelines calculations had no effect on the applicable statutory minimum or maximum. *See id*. Likewise, the Court of Appeals has "flatly reject[ed] the proposition that all drug quantity calculations made under the advisory guidelines must be submitted to a jury." *Ramírez-Negrón*, 751 F.3d at 49.

Accordingly, the Court finds the original sentence imposed remains warranted upon reconsideration through the lens of the First Step Act. Defendant's motion for a sentence reduction is **DENIED**. **ECF No. 2839**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 21st day of July 2021.

                                                **S/AIDA M. DELGADO-COLÓN**
                                                **United States District Judge**